# EXHIBIT 18



59 Maiden Lane, 6th Floor
New York, NY 10038

Gary J. Douglas ᴾ
Michael A. London *
Stephanie O'Connor *
Randolph D. Janis
Virginia E. Anello ^

Rebecca G. Newman *
Philippa Ratzki *
Alicia Ellsayed
Lara J. Say *ⁿ
Tate J. Kunkle ᵗ
Sara Castronuova *
Joseph Grenner ˡ

Phone: (212) 566-7500
Fax: (212) 566-7501
www.DouglasAndLondon.com

*   Also admitted in NJ
ᴾ   Also admitted in PA
^   Also admitted in LA & MA
ⁿ   Also admitted in NC
ᵗ   Also admitted in CT
ˡ   Also admitted in LA

*The attorney in charge of New Jersey practice is Michael A. London*

September 17, 2024

**VIA EMAIL**
Adria Conklin, Esq. (adria.conklin@pcwlawllc.com)
Mary Catherine Way, Esq. (MaryCatherine.Way@pcwlawllc.com)
Liat Rome, Esq. (lrome@wc.com)
Amanda Kitts, Esq. (amanda.kitts@nelsonmullins)
Meaghan Newkirk, Esq. (Mnewkirk@wc.com)
Wes Moran, Esq. (wes.moran@nelsonmullins.com)
Vanessa Offutt, Esq. (vanessa.offutt@us.dlapiper.com)
Buffy Mims, Esq. (buffy.mims@us.dlapiper.com)

> Re:  AFFF MDL – CMO 26, Tier 2, Group A Discovery Demands
> - ***Donnelly v. 3M, et al.,*** **20-cv-209**
> - ***Speers v. 3M, et al.,*** **21-cv-3181**
> - ***Voelker v. 3M et al.,*** **18-cv-3438**
> - ***Bien v. 3M et al.,*** **20-cv-257**
> - ***Hartman v. 3M et al.,*** **20-cv-302**

Dear Counsel:

We are in receipt of Defendants' Second Set of Interrogatories and Requests for Production to Plaintiffs Donnelly, Speers, Hartman and Bien and both Defendants' Second and Third Set of Interrogatories to Plaintiff Voelker.

Initially, we note that, as you know, CMO 26D limits Tier Two discovery to only an additional five (5) interrogatories and five (5) requests for production.[1] Despite this clear limitation, Defendants have sought to skirt this limitation by propounding interrogatories that although may be numbered as one interrogatory contain as many as thirty-nine (39) subparts.[2] This

---

[1] CMO 26D, at ¶ 7.
[2] *See e.g.,* Defendants' Second Set of Interrogatories and Requests for Production to Plaintiff Brock Donnelly; *see*

is, of course, entirely contrary to the spirit of a negotiated court-order and thus impermissible. Plaintiffs' object to responding to these interrogatories on this ground.

In addition, as it pertains to the substance of the interrogatories, Plaintiffs also object to responding to these interrogatories on the ground that they are unduly burdensome, a fishing expedition, impossible to respond to, overbroad and unreasonable in both time and scope, scientifically baseless, and not reasonably calculated to lead to the discovery of admissible evidence.

By way of example only, it is entirely unreasonable to expect anyone to recall the exact number of times he used toilet paper over the course of potentially decades.[3] Moreover, even if one could make such an approximation, does the amount of toilet paper matter? One square? Two? It is equally impossible for someone to identify every carpet or piece of upholstered furniture in any residence they have lived in since 1970.[4] And even assuming one could recall that a particular residence had a carpet, to expect someone to recall a carpet brand is entirely unreasonable.

Finally, even assuming *arguendo* there was a legitimate scientific basis to discover this information, which Plaintiffs submits there is not, given the detail sought by these questions, such inquiries would have been far better suited for a deposition. Defendants had such an opportunity to ask such questions and failed to do so.

We are amenable to a meet and confer with respect to the above, however, as currently drafted, Plaintiffs object to these interrogatories in their entirety.

Thank you.

Very truly yours,

s/Rebecca Newman
Rebecca Newman

cc:    Michael A. London, Esq. (via email)(mlondon@douglasandlondon.com)
       Paul J. Napoli, Esq. (via email)(PNapoli@NSPRLaw.com)
       Scott Summy, Esq. (via email)(ssummy@baronbudd.com)
       Joseph Rice, Esq. (via email)(jrice@motleyrice.com)
       Fred Thompson, Esq. (via email)(fthompson@motleyrice.com)
       Gary Douglas, Esq. (via email)(gdouglas@douglasandlondon.com)
       Tate Kunkle, Esq. (via email)(tkunkle@douglasandlondon.com)
       Joshua Cohan, Esq. (via email)(jcohan@smbb.com)
       Larry Cohan, Esq.  (via email)(lcohan@smbb.com)
       Nancy Christensen, Esq. (via email)(nchristensen@weitzlux.com)
       Michael Olsen, Esq. (molsen@mayerbrown.com)
       Daniel Ring, Esq. (dring@mayerbrown.com)
       Joseph Petrosinelli, Esq. (jpetrosinelli@wc.com)

---

*also*, Defendants' Second Set of Interrogatories and Requests for Production to Plaintiff Clinton Speers.
[3] *E.g.*, Interrogatory No. 1 to Defendants' Second Set of Interrogatories and Requests for Production to Plaintiff Clinton Speers.
[4] *See e.g.*, Interrogatory No. 24 to Defendants' Third Set of Interrogatories and Requests for Production to Plaintiff Kevin Voelker.

2

David Dukes, Esq. (david.dukes@nelsonmullins.com)
Brian Duffy, Esq. (bduffy@duffyandyoung.com)