IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION** | MDL No. 2:18-mn-2873-RMG<br><br>**This Document Relates to:**<br><br>*Brock Donnelly v. 3M Company et al.*, No. 2:20-cv-00209-RMG<br><br>*Clinton Speers & Gail Speers v. 3M Company et al.*, No. 2:21-cv-03181-RMG<br><br>*Kevin Voelker v. 3M Company et al.*, No. 2:18-cv-03438-RMG |

### DEFENDANTS' MOTION TO SEAL CERTAIN PORTIONS OF AND EXHIBITS TO THEIR MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY

Pursuant to Local Civil Rule 5.03, DSC, Case Management Order No. 17, and as required by Paragraph 8 of Case Management Order No. 4.D, Defendants move to seal certain exhibits to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony [Dkt. No. 7556] ("Defendants' Opposition"), and to seal certain portions of Defendants' Opposition to the extent they refer to those sealed exhibits or exhibits previously submitted under seal or for in camera review pursuant to Defendants' Motion to Seal Certain Exhibits to Their Motions to Exclude Plaintiffs' Experts' Testimony and Their Motions for Summary Judgment [Dkt. No. 7395] or Plaintiffs' Motion to Seal Select Portions of and Exhibits

1

to Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Experts [Dkt. No. 7385].[1] The grounds for this Motion are as follows:

(1) Defendants' Opposition cites evidence containing confidential information, as follows:

a. Defendants' Opposition cites to expert reports that have been designated by Plaintiffs or Defendants as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order entered in this case.

b. Defendants' Opposition cites to deposition testimony that has been designated by Plaintiffs or Defendants as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order entered in this case.

(2) Pursuant to the Amended Protective Order entered in this litigation:

a. A party may only designate documents as Confidential "if it has a good-faith basis to believe that the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, Confidential Health Information, or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure." CMO No. 4.D ¶ 2.e [Dkt. No. 3864].

b. A party may only designate documents as Highly Confidential "if it has a good-faith basis to believe that (a) the Document or Information is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents,

---

[1] A separate supporting memorandum is not being submitted because, under Local Civil Rule 7.04 DSC, a full explanation is set forth herein and a separate memorandum would serve no useful purpose.

Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information, or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure; and (b) (i) the Document or Information could provide its Competitor(s) with an advantage (economic) or (ii) the document, if released would cause harm to the interests of a governmental entity." CMO No. 4.D ¶ 2.f [Dkt. No. 3864].

(3)     Pursuant to paragraph 8 of the Amended Protective Order entered in this litigation, the parties agreed to redact Confidential and Highly Confidential Information from any Document filed with this Court, except that if the filing party seeks to have the Court review Confidential or Highly Confidential Information contained within the Document, the Document shall be filed under seal pursuant to this Court's Local Civil Rules. CMO No. 4.D ¶ 8 [Dkt. No. 3864].

(4)     The confidential and/or highly confidential information referenced above will become publicly available when Defendants file their Opposition, if not sealed.  Therefore, in accordance with the Amended Protective Order, Defendants request that to protect the confidentiality of information contained therein, the following be filed under seal:

    a.     Defendants seek to seal select portions of their Opposition that excerpt and discuss documents and deposition transcripts designated as Confidential or Highly Confidential under the Amended Protective Order.  Those documents and deposition transcripts are subject to this Motion to Seal, Defendants' Motion to Seal Certain Exhibits to Their Motions to Exclude Plaintiffs' Experts' Testimony and Their Motions for Summary Judgment [Dkt. No. 7395], or Plaintiffs' Motion to Seal Select Portions of and Exhibits to Plaintiffs' Motion to Exclude the Opinions and Testimony of Defense Experts [Dkt. No. 7385].

      b.     Defendants seek to seal Exhibit A to their Opposition. As described more fully in Exhibit A (non-confidential descriptive index), this exhibit is a deposition transcript that has been designated as Confidential. Defendants seek to seal this exhibit in its entirety.

      c.     Defendants seek to seal Exhibit B to their Opposition. As described more fully in Exhibit A (non-confidential descriptive index), this exhibit is a Notice of Correction to the Expert Report of Sarah S. Cohen, Ph.D., Dated April 14, 2025. This document has been designated by Defendants as Confidential and contains Confidential Health Information. Defendants seek to seal this exhibit in its entirety.

(5)    The proposed method is the least drastic method that affords adequate protection of the confidential documents and information. Where redaction would render the exhibits meaningless, Defendants request sealing the entire exhibit. *See May v. Medtronic, Inc.*, No. 6:05-cv-794, 2006 WL 1328765, *1 (D.S.C. May 15, 2006) (granting motion to seal when redactions would have rendered the documents meaningless).

(6)    Pursuant to Local Civil Rule 5.03(A)(4) and CMO 17, Defendants address the factors governing sealing of documents reflected in controlling case law, as follows:

      a.     There is a general presumption in favor of "public access" to documents in the files of the courts. *In re Knight Publishing Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984). However, a district court has discretion to seal documents when the "public's right of access is outweighed by competing interests." *Id.* at 235; *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1989) ("The presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access.").

      b.     Before sealing documents, district courts must: "(1) provide notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic

alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

   c. Here, public notice of this request to seal and to allow interested parties a reasonable opportunity to object will be provided by the Clerk of Court pursuant to requirements set forth in Local Civil 5.03(D), DSC. Further, Defendants' non-confidential, descriptive index of the documents at issue will provide any interested party ample notice of the specific item(s) this Motion seeks to protect.

   d. As previously discussed, no less drastic alternative to sealing is believed to be adequate under the circumstances. The subject exhibits are integral to Defendants' Opposition and redaction will render the exhibits meaningless. Further, granting the request to seal is appropriate because the subject exhibits contain confidential information that, pursuant to the Amended Protective Order in this litigation, have been designated by Plaintiffs or Defendants as Confidential or Highly Confidential. Accordingly, based upon these designations, there is a compelling interest in protecting the confidential information contained therein.

(7) As required by Local Civil Rule 5.03(B) and CMO No. 17, this Motion is accompanied by:

   a. Exhibit A: a non-confidential descriptive index of the documents sought to be sealed;

   b. Exhibit B: counsel's certification of compliance with Local Civil Rule 5.03, DSC, and CMO No. 17;

      c.      Exhibit C: a placeholder sheet stating, "Confidential Documents Contemporaneously Submitted to the Court for In Camera Review in Compliance with CMO No. 17"; and

      d.      Exhibit D: a proposed order.

(8)      Pursuant to CMO No. 17, Defendants are submitting for *in camera* review a copy of the confidential exhibits that are subject to the present Motion via email.

(9)      Pursuant to Local Civil Rule 7.02, DSC, counsel for Plaintiffs have been consulted and do not oppose the relief sought herein.

Wherefore, having complied with the requirements of Local Civil Rule 5.03, DSC, and CMO No. 17, Defendants respectfully request that the Court enter an Order sealing the documents listed in Exhibit A.

      Respectfully submitted,

Dated: July 17, 2025

| | |
|---|---|
| /s/ *Joseph G. Petrosinelli* | /s/*David E. Dukes* |
| Joseph G. Petrosinelli | David E. Dukes |
| Williams & Connolly LLP | Nelson Mullins Riley & Scarborough LLP |
| 680 Maine Ave., S.W. | 1320 Main Street, 17th Floor |
| Washington, DC 20024 | Columbia, SC 29201 |
| P: (202) 434-5547 | P: (803) 255-9451 |
| F: (202) 434-5029 | F: (803) 256-7500 |
| jpetrosinelli@wc.com | david.dukes@nelsonmullins.com |
| | |
| Michael A. Olsen | Brian Duffy |
| Mayer Brown LLP | Duffy & Young LLC |
| 71 South Wacker Drive | 96 Broad Street |
| Chicago, IL 60606 | Charleston, SC 29401 |
| P: (312) 701-7120 | P: (843) 720-2044 |
| F: (312) 706-8742 | F: (843) 720-2047 |
| molsen@mayerbrown.com | bduffy@duffyandyoung.com |
| | |
| *Co-lead Counsel for Defendants* | *Co-liaison Counsel for Defendants* |